UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN LEFMAN | Criminal No. 25-cr-10083-JEK |

**STIPULATED DISCOVERY PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d), the government submits, and the defendant does not at this time contest, that good cause exists for the following protective order in regard to certain discovery in this case.

1. The government may designate as "Sensitive" certain materials it produces in discovery, whether pursuant to the Federal Rules, the Local Rules, or on a voluntary basis, which contain unredacted PII (including name, date of birth, address, and social security number), audio or visual depictions, or other highly personal or sensitive information pertaining to the victim in this case, including the audio- and video- recorded interview(s) of the victim.

2. To designate discovery materials as Sensitive, the government will label the document (or, in the case of audio/video recordings, the filename and/or the storage media upon which it is stored), "Sensitive." Materials designated "Sensitive" are hereafter referred to as "Sensitive Materials."

3. The term "Defense Team" shall include counsel for the defendant in this matter; legal assistants, paralegals, and investigators within the office of or retained by counsel in this matter; and experts and other individuals hired specifically to assist in the preparation and trial of this case. The Defense Team is limited to attorneys and agents representing the

defendant in this case and does not extend to attorneys or agents representing the defendant in any other case or in any other federal, state, or local court, or in any administrative proceeding.

4.  The defendant may not personally possess copies of Sensitive Materials, although he may review them in the presence of counsel, including via videoconference with counsel.

5.  When providing Sensitive Materials to members of the Defense Team, defense counsel or their agent must inform the person that the materials are provided subject to the terms of this Protective Order and that the person must comply with the terms of this Protective Order.

6.  The defendant and Defense Team shall maintain Sensitive Materials in accordance with this Agreement, and Sensitive Materials shall be used by the defendant and Defense Team solely and exclusively in connection with the litigation and trial of this case and any related appeal. Neither the defendant nor any member of the Defense Team shall disseminate the Sensitive Materials outside the Defense Team without an Order of the Court.

7.  If the defendant believes that a designation of any information as "Sensitive" is inappropriate, he may object to such designation and the parties shall work together in good faith to resolve their disagreement regarding the appropriate designation of the information. If efforts to resolve the disagreement are unsuccessful, the matter shall be resolved by the Court and the government in seeking the designation shall have the burden of demonstrating its necessity. However, the information at issue shall be treated as "Sensitive" and subject to all of the restrictions of this protective order unless and until the parties agree or the Court orders otherwise.

2

8.  Any party desiring or intending to file with the Court any Sensitive Materials or any motion, brief, letter, transcript or other paper containing or describing any Sensitive Materials shall do so only after (1) conferring with opposing counsel regarding whether filing under seal is necessary and, if filing under seal is deemed necessary by either party, (2) filing and obtaining the Court's ruling on a motion for impoundment pursuant to L.R. 7.2. The parties' confidentiality designations do not bind the Court. Therefore, a party seeking to file any document under seal must have good cause for asserting confidentiality beyond a mere designation of confidentiality under this order.

9.  Violation of this Protective Order shall be subject to sanction. Absent further Order of the Court, the terms of this Protective Order shall continue to be in effect and binding following the termination of the case, unless otherwise agreed or ordered.

*** Remainder of page intentionally blank ***

10. Within thirty (30) days of the conclusion of this case, including but not limited to the latest of dismissal, judgment, and all rights of appeal being exhausted, Sensitive Materials and any copies thereof shall be returned to the government or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED:

JONATHAN LEFMAN                         LEAH B. FOLEY
Defendant                               United States Attorney

By:                          By:
_/s/ Paul Cirel_____            _/s/ Elianna J. Nuzum_____
Paul Cirel                              Elianna J. Nuzum
Shayla Mombeleur                        Assistant U.S. Attorney
Counsel for Defendant


Dated: August 15, 2025


IT IS SO ORDERED.


_____
Hon. Jessica D. Hedges
United States Magistrate Judge

Dated: _____

4