# EXHIBIT 3



**U.S. Department of Justice**

**Leah B. Foley**
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 28, 2025

Paul Cirel, Esq.
Todd & Weld LLP
One Federal Street
Boston, MA  02110

      Re:    United States v. Jonathan Lefman,
               <u>Criminal No. 25-cr-10083-JEK</u>

Dear Counsel:

       I am in receipt of your letter dated May 12, 2025, and appreciate your agreement to extend the time for the government's response under Local Rule 116.3(a) until today.  The government's responses are as follows:

**<u>Request No. 1</u>**
All search warrants obtained in this case.

**<u>Response to Request No. 1</u>**
No search warrants have been obtained in this case.

**<u>Request No. 2</u>**
Unredacted copies of reports and statements.

**<u>Response to Request No. 2</u>**
Reports of witness interviews and witness statements are not yet required to be produced in discovery.  The government has produced some reports early to the extent the reports contain arguably exculpatory information, statements of the defendant, or other information that may be discoverable at this point in time; it has also voluntarily produced some reports early so that the defendant can better understand the case against him and assess whether he wishes to resolve the case short of trial.  The government has redacted some of these reports to remove non-discoverable or sensitive information and personally-identifiable information of potential witnesses and the victim in this case.  The government declines to produce unredacted reports at this time, though I am happy to discuss individual reports and categories of redacted information

with you, and potentially produce reports with fewer redactions subject to a protective order.

**Request No. 3**
All Massachusetts State Police, Boston Police and FBI investigative materials as related to the present case.

**Response to Request No. 3**
This request is overly broad, encompassing non-discoverable materials, and the government declines to make such a broad production. The government has already produced all Massachusetts State Police, Boston Police, and FBI materials that it is aware of that are due pursuant to Federal Rule of Criminal Procedure 16 or Local Rules 116.1 or 116.2. Please let me know if you believe any specific materials are missing.

**Request No. 4**
Names, addresses, and dates of birth for the complainant and any witness referenced within the Boston Police, Massachusetts State Police and FBI investigative reports.

**Response to Request No. 4**
This request is premature, and the government declines to produce this information at this time. The government is not required to identify its witnesses or provide their contact information until its witness list is due, typically two weeks prior to trial. Indeed, with the exception of Minor A, the government has not yet identified which witnesses it will call at trial.

**Request No. 5**
Any and all copies of written statements from the complainant and other witnesses referenced within the investigative reports, including all variations of those statements. For statements made orally, please produce in writing.

**Response to Request No. 5**
As pertains to Minor A's statements, the government produced with Automatic Discovery:
- a written statement of Minor A, USAO_000104;
- a report of MSP's interview of Minor A, which was also captured on body-worn camera, USAO_000134;
- a report of FBI's supplemental interview of Minor A, USAO_000105;
- reports of interviews of three family members to whom Minor A reported the incident, USAO_000116, USAO_000122, and USAO_000126; and
- a report of an interview of a JetBlue employee to whom Minor A's family reported the incident, USAO_000118.

The government also produced other reports of interviews of potential witnesses, *see* USAO_000115 (Interview of EMT) and USAO_000121 (Interview of KBJ), and certain statements made by the defendant's wife (Automatic Discovery Letter ¶ G(1)).

See response to Request Nos. 2 and 4. For the same reasons stated therein, the government declines to produce additional witness statements at this time.

Additionally, there is no basis in the Federal Rules of Criminal Procedure or the Local Rules for

requiring the government to reduce to writing oral statements of witnesses, except to the extent those statements contain statements of the defendant or exculpatory information, and the government declines to do so.  Even Jencks Act statements – which are not required to be produced until after a witness has testified on direct examination at trial – include only " (1) a written statement made, adopted, or approved by the witness, 18 U.S.C. § 3500(e)(1); (2) a recording (or transcription thereof) that is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of the oral statement, *id.* at (e)(2); or (3) a statement (or transcription thereof) made by the witness to a grand jury, *id.* at (e)(3).  *United States v. Gonzalez-Melendez*, 570 F.3d 1, 3 n.3 (1st Cir. 2009).  *See also* Fed. R. Crim. P. 26.2 (incorporating the Jencks Act into the Federal Rules of Criminal Procedure).

**Request No. 6**
Any outstanding, notes, reports, supplemental reports, and any other written summaries which memorialize law enforcement interviews, including but not limited to the following: [subparagraphs (a) through (k), spanning five pages, are incorporated by reference].

**Response to Request No. 6**
See responses to Request Nos. 2, 4, and 5. For the same reasons stated therein, the government declines to produce additional reports, written summaries, recordings, or notes of law enforcement interviews, or text or email communications between potential witnesses and law enforcement, at this time, except as provided below.

With respect to Request 6(h), pertaining to the conversation in which Sgt. Lopes invited Mr. Lefman to an interview, the government additionally states: (1) the redacted information in USAO_000123 consists of a law enforcement summary of Minor A's report (which the government has already produced in numerous formats, see Response to Request No. 5) and a summary of the recorded interview of Mr. Lefman, for which the government has already produced the actual recordings (USAO_000042-43), so the government declines to produce an unredacted report at this time; (2) the government has additionally produced a report at USAO_000134 regarding the contact between Sgt. Lopes and Mr. Lefman; (3) there are no additional notes, reports, written summaries, or recorded radio discussions regarding the phone conversation with Mr. Lefman; and (4) there are no other reports, notes, or summaries relating to statements made by Mr. Lefman to Sgt. Lopes prior to his arrival for the interview.

With respect to Request 6(j)(2), the government stated in its Automatic Discovery Letter: "A body-worn camera recording of Massachusetts State Police interviews of Minor A and her family on August 30, 2024, as well as an audio recording of an FBI interview of Minor A on September 9, 2024, will be made available for inspection closer to trial; the government has voluntarily produced several reports regarding these interviews early."  Because the request is premature, and the government has already produced a written statement of Minor A as well as numerous reports of interviews with her and others reflecting her statements, the government declines to produce the recordings at this time, but reiterates that it will make them available for inspection, or produce them pursuant to a protective order, closer to trial.

With respect to Request 6(k)(1), the government states that the redacted information is non-discoverable except potentially as Jencks material, and the government therefore declines to

3

produce the unredacted report at this time.

With respect to request 6(k)(2), the government states that TFO Quinonez-Hamilton collected Mr. Lefman's DNA sample pursuant to standard FBI arrest procedure.  That DNA has not been and will not be sent for testing or comparison to evidence collected in this case. Accordingly, there are no "notes and outcomes" to produce.

With respect to request 6(k)(3) for body-worn camera footage captured during Mr. Lefman's arrest, the government stated in its Automatic Discovery Letter: "Consensual audio/video recordings were made of an interview involving the defendant Jonathan Lefman on August 30, 2024, as well as of Mr. Lefman's statements during booking on February 7, 2025. These recordings are enclosed as USAO_000042-43 and USAO_000028. Additional body-worn camera footage of the period from Mr. Lefman's arrest through his transport to the courthouse on February 7, 2025 is available for inspection at the United States Attorney's Office. The government does not believe that these videos contain relevant statements of the defendant, but nonetheless offers them for inspection."  The government reiterates this offer.

**Request No. 7**
In the event law enforcement failed to memorialize any statements requested in paragraph (a-k), please reduce such statements to writing.

**Response to Request No. 7**
See responses to Request Nos. 2, 4, and 5.  For the same reasons stated therein, to the extent that there are any additional witness statements that were not reduced to writing, the government declines to reduce them to writing and produce them at this time.

**Request No. 8**
All text messages, emails and other communications exchanged among law enforcement and the complainant/witnesses. Including, but not limited to, the text message communications requested above.

**Response to Request No. 8**
See responses to Request Nos. 2, 4, and 5.  For the same reasons stated therein, the government declines to produce these materials at this time.

**Request No. 9**
Any law enforcement video and audio recordings collected during the investigation of this case. Including but not limited to those items requested above.

**Response to Request No. 9**
See responses to Request Nos. 2, 4, and 5.  For the same reasons stated therein, the government declines to produce additional recordings beyond the ones already produced, and beyond the Body Worn Camera footage of the defendant's arrest, at this time.

**Request No. 10**
All Body Worn Camera footage relating to the investigation of this case, including the following:

    a.  Boston Police Department Body-worn camera recordings, which according to this report was provided to SA Costello on 2/7/2025. See, Bate Stamp USAO 0139;

    b.  On 2/21/2025, the Massachusetts State Police provided SA Costello with all BWC recordings in their possession related to Mr. Lefman arrest. According to the report, two recordings were provided. Please provide these recordings. To date, we only have video from Mr. Lefman's booking. See, Bate Stamp USAO 0139; and

    c.  Massachusetts State Police which was provided to SA Costello on 9/30/2024 . *See*, Bates Stamp USAO_0130.

**Response to Request No. 10**
See response to Request No. 6.  For the same reasons stated therein, the government reiterates its offer to make available for inspection the Body Worn Camera footage of the defendant's arrest, and declines to produce Body Worn Camera footage of the interviews of Minor A and her family at this time.

**Request No. 11**
Criminalistics reports, photographs and notes pertaining to the collection of DNA swabs from JetBlue flight #62. See, USAO_000129. According to this report "5 locations within the seat structures of 39F were swabbed for DNA." See, USAO_0113. After collection, specimens were submitted to FBI Boston evidence for storage pending laboratory examination.

**Response to Request No. 11**
The government stated in its Automatic Discovery Letter: "DNA swabs taken of portions of the seat structure of seat 30F, as depicted in USAO_000008 and described in USAO_000113, are awaiting testing. A copy of the reports of results of that testing will be provided to you upon receipt by this office."

The government is producing herewith USAO_000141, containing an additional sketch of the areas swabbed, in addition to the sketch previously produced as USAO_000008. The government is also producing herewith USAO 000142-144, reflecting the results of DNA testing on the swabs taken from areas on seat 30F.  The government will produce additional lab discovery materials when they become available.

**Request No. 12**
Bench notes and raw data relating to the DNA Laboratory Report produced on September 20, 2024.

**Response to Request No. 12**
See response to Request No. 11.

**Request No. 13**
Recorded police communications leading up to law enforcement's arrival to the reported scene at

the Boston Logan International Airport, including but not limited to recordings from the BOLO broadcasted to law enforcement.

**Response to Request No. 13**
The government is investigating whether any such recorded police communications exist.  To the extent they do, the government will review them to determine whether they contain any discoverable information and, if so, will produce them when required by the relevant rules.

**Request No. 14**
Written summary of any interview with the complainant's father before and after interviewing his minor child. The same for recorded interviews.

**Response to Request No. 14**
See response to Request Nos. 2, 4, and 5.  For the same reasons stated therein, the government declines to produce such materials at this time.

**Request No. 15**
Information related to the complainant's immigration status, including the terms of that status at the time of the alleged incident. If any changes to that status are pending or expected, please provide those details. Such information is potentially exculpatory and relevant to impeachment and motive to fabricate.

**Response to Request No. 15**
The prosecution team is not in possession of information related to the complainant's immigration status.  Moreover, without agreeing that such information has any impeachment value, the government notes that impeachment material is not yet due.

**Request No. 16**
Promises, inducements, rewards to any witnesses by any law enforcement agency in connection with this case. Such information is exculpatory and required under Local Rule 116.2(b)(1)(C).

**Response to Request No. 16**
As the government noted in its Automatic Discovery Letter: "Except standard victim services for Minor A, no promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief."

**Request No. 17**
All criminal histories of prosecution witnesses including adult, juvenile and out of state criminal records. This information is exculpatory and mandatory discovery under Local Rule 116.2(b)(1)(E).

**Response to Request No. 17**
As the government noted in its Automatic Discovery Letter: "The government is unaware that any of its named case-in-chief witnesses has any criminal record. However, the government has not yet determined who all of its trial witnesses will be, and will supplement this disclosure closer to trial."

6

**Request No. 18**
A written statement regarding the seating arrangement within row 30 E. Specifically, the names and addresses of passengers sitting in the complainant's row.

**Response to Request No. 18**
The partial passenger manifest produced as USAO_00033 indicates that the passengers assigned to row 30 include:
- Seat 30B: BBT
- Seat 30C: JM
- Seat 30D: JMF
- Seat 30E: KBJ
- Seat 30F: JD

However, FBI investigation revealed that an individual with initials EMT was actually seated in 30D, and Minor A was actually seated in 30F. Although the request for potential witness name and address information is premature, the government will voluntarily provide the names and addresses of the passengers seated in row 30 other than Minor A, to the extent the government is in possession of such information. For the reasons stated above, the government declines to provide Minor A's name and address at this time.

**Request No. 19**
All social media information related to the complainant within the government's possession.

**Response to Request No. 19**
The government is not in possession of social media information related to the complainant.

Very truly yours,

ELIANNA J. NUZUM
Assistant U.S. Attorney

Enclosures

7



**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston. Massachusetts 02210*

**August 5, 2025**

**By Hand**

Paul Cirel, Esq.
Shayla Mombeleur, Esq.
Todd & Weld LLP
One Federal Street
Boston, MA  02110

Re:    United States v. Jonathan Lefman,
Criminal No. 25-cr-10083-JEK

Dear Counsel:

In fulfillment of the government's ongoing discovering obligations, and following up on my letter of July 17, enclosed please find:

| | |
|---|---|
| USAO 000145 | Redacted copy of the audio recording of the September 9, 2024 interview of the victim |
| USAO 000146-176 | DNA Search Warrant package |
| USAO 000177 | 302 re: Execution of DNA Search Warrant |
| USAO 000178 | Report re: Mailing Lefman DNA to FBI Laboratory |

Please let me know when you would like to come by my office to inspect the redacted version of the audio/video recording of the brief interview of the victim conducted by Sergeant Lopes on August 30, 2024 and the redacted version of the audio/video recording of relevant statements by the victim and her family members at the airport on August 30, 2024. For your planning purposes, the combined audio/video recording of those statements and the interview is approximately 30 minutes long. I am generally around the week of August 11 or 18. Alternatively, I would be willing to produce a copy pursuant to a Protective Order that prohibits Mr. Lefman from possessing a copy.

Very truly yours,

ELIANNA J. NUZUM
Assistant U.S. Attorney