# Exhibit 3



**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 17, 2025

Paul Cirel, Esq.
Shayla Mombeleur, Esq.
Todd & Weld LLP
One Federal Street
Boston, MA  02110

>       Re:     United States v. Jonathan Lefman,
>               Criminal No. 25-cr-10083-JEK

Dear Counsel:

I am in receipt of your letter dated July 2, 2025, and respond pursuant to Local Rule 116.3(a) as follows:

**Request No. 1**
Unredacted copies of reports produced.

**Response to Request No. 1**
As laid out in the government's May 28 letter, these materials are not due at this time, and the government declines to voluntarily produce them at this time for the reasons previously stated. The redacted portions of the reports do not contain *Brady* material.  Witness lists are not yet due. *Jencks* statements are not due until after a witness testifies on direct examination, although the government has already produced a number of these materials voluntarily, and anticipates voluntarily providing any additional statements of witnesses it anticipates calling in its case in chief 21 days in advance of trial.  If the defendant is interested in additional lead time to prepare for trial, the government is amenable to an accelerated schedule that could involve the government producing early *Jencks*, both parties discussing stipulations, and both parties exchanging witness lists a few weeks earlier than is standard.

**Request No. 2**
Any and all copies of written statements from the complainant and other witnesses referenced within the investigative reports, including all variations of those statements. For statements made orally, please produce in writing.

**Response to Request No. 2**
See response to Request No. 1 and the government's May 28 letter.

**Request No. 3**
All communication between the complainant and Sargeant Lopes on 8/30/24. According to the FBI 9/13/24 report, this particular communication exchange included some form of telecommunication (See, USAO_000105)

**Response to Request No. 3**
See response to Request No. 1.  Although they are not due at this time, the government is willing to make available for inspection a redacted version (removing the victim's name and contact information) of the audio/video recording of the brief interview conducted by Sergeant Lopes on August 30, 2024, and to produce a redacted copy of the audio recording of the September 9, 2024 interview of the victim (removing names and contact information).  As you will hear, both interviews were conducted in English.

**Request No. 4**
All audio recording and video taken during the 8/30/24 interview. Including, statements made by the complainant, her father (who according to the report offered consent for the interview to proceed with his minor daughter) and the "aunt/cousin" who is referenced in this report. Id. The same for any other existing audio and video recordings.

**Response to Request No. 4**
See response to Request No. 1.  Although they are not due at this time, the government is willing to make available for inspection a redacted version (removing names and contact information) of the audio/video recording of relevant statements by the victim and her family members at the airport on August 30, 2024.

I will be out of town through July 22 but anticipate making this small additional production by early August.

Very truly yours,

ELIANNA J. NUZUM
Assistant U.S. Attorney

2