UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JONATHAN LEFMAN,

           Defendant.

Criminal No. 25-cr-10083-JEK

## **DEFENDANT'S SUPPLEMENTAL MOTION TO COMPEL DISCOVERY**

Defendant, Jonathan Lefman, requests an order compelling the Government to produce one part of discovery that the Government was contemplating during the initial Motion to Compel filing. ECF 59-62. The Government has now formally declined to provide that requested information.

The requested discovery, discussed below, pertains to training manuals, notes and documents and is made pursuant to Fed. R. Crim. P. 16, Local Rule 16.2, the due process clause of the Fifth Amendment, *Brady v. Maryland,* 373 U.S. 83 (1963), and the inherent power of the Court to order broad discovery in appropriate cases. *See* Rule 16, Advisory Committee Notes (recognizing that "[t]he rule is intended to prescribe the minimum amount of discovery to which the parties are entitled...[and] is not intended to limit the judge's discretion to order broader discovery in appropriate cases").

*Supplemental request:*

**Copies of any instructions, manuals, circulars, field notes, correspondence, or other guidance, whether internally from the FBI or from the Department of Justice, about when and how to conduct interviews of minor and non-native English speakers, including, requirements for parental consent and presence during questioning of a minor, requirements of requesting an interpreter and ordering transcriptions and how to conduct a witness investigation and determine probable cause to arrest. Please include any directions or instructions given to agents, any law enforcement present during the investigation as well as FBI supervisory personnel.**

Discovery of the criteria for Federal Agent witness interviews of a minor (especially one with significant linguistic challenges) is necessary and relevant to the defenses of biased, ill-motivated and unreliable testimony, selective enforcement, and potential government misconduct. All of which are favorable to the defendant's defense and "material either to guilt or punishment." *Brady*, 373 U.S.83 at. 87 (1963). In this case the materials requested directly relate to the law enforcement (FBI and Massachusetts State Police) questioning that was conducted on 8/30/24 and 9/9/24. [1]

During the questioning of the Complainant, Federal Agents conducted a slanted and *spoon-fed* interview of a non-native English-speaking minor without the presence of either her parent or an interpreter. Aside from the apparent lack of written or other formal procedures of parental consent, the language barrier here should have heightened law enforcement's need to assure accuracy. That need is further heightened here, where the video evidence, on its own, lacks evidence of a crime and the only "corroborating evidence" includes secondary testimony that is offered from the perspective of the same minor witness.

It is beyond dispute that law enforcement should have been aware of the significance of the need for accuracy. After all, in this case, the Complainant's statements would be the central

---

[1] The Complainant was interviewed by state and federal law enforcement on 8/30/24 and 9/9/24. This discovery request particularly relates to the FBI subsequent interview due to the clear issues it presents. However, the Defendant reserves his right to request the same from the Massachusetts State Police should that need arise.

evidence to officiate formal charges.  Rather than ensuring accuracy, the audio recording reveals

an interview stratagem that ensured a version of events that met each element of the offense

charged.  Given the circumstances within this case, this Court is beyond justified to enter an

Order to release the materials requested above, as they collectively aid the defendant in his pursuit

to discredit both the statements expected to be used against him at trial and the methods to obtain

those statements.

### RELIEF SOUGHT

The Defendant supplements his initial Motion to Compel request (ECF 62)[2], with the following:

4.  Copies of any instructions, manuals, circulars, field notes, correspondence, or other guidance, whether internally from the FBI or from the Department of Justice, about when and how to conduct interviews of a minor and non-native English speakers, including requirements for

    a.  parental consent and presence during questioning of a minor

    b.  requesting an interpreter and ordering transcriptions

    c.  conducting a witness investigation and making determinations of probable cause to arrest

    d.  Please include any directions or instructions given to agents, any law enforcement present during the investigation as well as FBI supervisory personnel.


Respectfully submitted,

JONATHAN LEFMAN

By his attorney,

---

[2]1. unredacted copies of law enforcement reports previously produced;
 2.  unredacted copies of audio recording and body worn camera footage previously produced;
 3. copies of any promises, inducements, rewards to any witnesses by any law enforcement agency in  connection with this case.

/s/ Shayla Mombeleur

Paul Cirel (BBO# 084320)
Shayla Mombeleur (BBO# 698707)
Todd & Weld LLP
One Federal Street
Boston, MA  02110
pcirel@toddweld.com
smombeleur@toddweld.com
617.720.2626

Dated: December 3, 2025

**<u>CERTIFICATE OF SERVICE</u>**

I, Shayla Mombeleur, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 3, 2025.

*/s/ Shayla Mombeleur*

Shayla Mombeleur

Date: December 3, 2025